Florence C. Thomson v. Commissioner.
Thomson v. Commissioner
Docket No. 2554-64.
United States Tax Court
T.C. Memo 1966-64; 1966 Tax Ct. Memo LEXIS 216; 25 T.C.M. (CCH) 341; T.C.M. (RIA) 66064; March 28, 1966
Florence C. Thomson, pro se, Rt. 2, Box 502, Lancaster, Va. Lester E. Glass, Jr., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent has determined deficiencies in petitioner's Federal income taxes for the years 1960 and 1961 in the respective amounts of $97 and $337.06. With regard to the year 1960 the parties have stipulated that they "have reached agreement as to petitioner's tax liability for [that year], and the same can be reflected *217 in a computation under Rule 50." By reason of concessions made by petitioner, it appears from the stipulation that with regard to the year 1961 the only issue remaining is whether the sum of $1,300 should be included in petitioner's taxable income for that year as "additional alimony income." All of the facts relevant to this issue have been stipulated. This stipulation reads as follows: 1. The petitioner is an individual who resides at Route 2, Box 305, Lancaster, Virginia. She filed her Federal Income Tax returns for calendar years 1960 and 1961 with the District Director of Internal Revenue at Richmond, Virginia. Photostat copies of the returns are attached and marked Exhibit A (1960) and Exhibit B (1961). 2. Petitioner was formerly married to Frederic B. Thomson, and from the marriage to Frederic there were born three children, Bruce, Cathy, and Laurence. The oldest, Bruce, became 21 years old on February 20, 1961. 3. Because of certain marital differences and disputes between Frederic and petitioner, divorce proceedings were instituted, and a final decree of divorce was granted by the Circuit Court of Volusia County, Florida, in 1949 which incorporated a stipulation covering, *218 among other things, payments to be made to the petitioner. Attached as Exhibit C is a copy of the final decree of divorce including the stipulation. 4. The parties have reached agreement as to petitioner's tax liability for the taxable year 1960, and the same can be reflected in a computation under Rule 50. 5. In accordance with the divorce decree, petitioner received from her former husband $3,460.00 in the year 1961. The petitioner reported $1,900.00 as alimony income for the year 1961, the difference being $1,560.00, which is the amount of additional alimony income as shown in the notice of deficiency. The petitioner concedes that an additional $240.00 as reimbursement for medical expenses plus a $20.00 error, for a total of $260.00, should have been reported as alimony income, which leaves $1,300.00 in dispute herein. The divorce decree referred as a part of Exhibit C is as follows: This case coming on for final hearing before me upon the Bill of Complaint, the answer of the Defendant and the evidence that was adduced herein and the Court being fully advised of its decision in the premises, finds: 1. That the Court has jurisdiction of the parties and the above cause of *219 action. 2. That the equities are with the Plaintiff and against the Defendant; that the Plaintiff, FLORENCE C. THOMSON, is entitled to the relief prayed for in her Bill of Complaint. 3. That three children have been born as the issue of the marriage to-wit Bruce Hamlin Thomson, Cathy Bristol Thomson and Laurence Frederic Thomson, now in the custody of said Plaintiff. 4. That a Stipulation has been entered into by and between the parties, with reference to the property rights, custody and support of the three children, said Stipulation being entered in evidence in this cause. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, 1. That the bonds of matrimony now existing between said Plaintiff and said Defendant be and the same are hereby dissolved, and said Plaintiff, FLORENCE C. THOMSON, is hereby awarded a divorce, a vinculo matrimonii, according to the Laws of the State of Florida in such cases made and provided from said Defendant, FREDERIC B. THOMSON. 2. That this Court awards to said Plaintiff the care, custoday [custoday] and control of the three minor children, to-wit, Bruce Hamlin Thomson, Cathy Bristol Thomson and Laurence Frederic Thomson, with right of Defendant *220 to see and be with said children at all reasonable times. 3. That the Stipulation entered into by and between the parties, touching upon the property rights, custody and support of the children and received in evidence as Plaintiff's Exhibit "A," is hereby ratified and confirmed and made a part hereof. The stipulation referred to in the decree and in paragraph 3 of the stipulation of facts filed herein is as follows: IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendant in the above entitled cause that the Plaintiff shall have the care and custody of the three minor children born as the issue of the marriage namely, Bruce Hamlin Thomson, Cathy Bristol Thomson and Laurence Frederic Thomson, subject to the right of the Defendant to see and be with said children at reasonable times. It is further stipulated and agreed that the defendant has the ability to pay to the Plaintiff as and for her support and for the support, maintenance and education of the three minor children, the sum of $310.00 per month, until such time as the Plaintiff should remarry in which event the Defendant stipulated and agrees to pay the sum of $150.00 per month for the maintenance, education *221 and support of the children of the marriage, and it is further stipulated and agreed that said sum shall be reduced by the sum of $50.00 per month as each child reaches his or her majority or dies. It is further stipulated and agreed that any payments made by the Defendant to the holder of the mortgage covering premises at 113 North Court, Roslyn Heights, New York, may be deducted from the amount of monthly payments herein provided; The Defendant shall likewise deduct from said monthly allowance the sum of $15.01 to the Commercial Credit Corporation until such time as the balance of the indebtedness of the husband to said Commercial Credit Corporation is discharged in full. It is further stipulated and agreed that the Defendant, in addition to the aforementioned sum will pay for and discharge reasonable necessary medical, surgical and hospital expenses incurred on behalf of the minor children, and until Plaintiff shall remarry all necessary medical, surgical and hospital expenses incurred on behalf of Plaintiff. It is further stipulated and agreed that the Defendant shall keep in full force and effect the following insurance policies on his life: Metropolitan Life Insurance Co. *222 Policy #12536128A Union Central Life Insurance Company Policy #1355879 and National Service Life Insurance N612354, the wife shall be the irrevocable beneficiary of said policies. In the event that the husband shall for any reason cause the cancellation or other termination of said policies, or of any of said policies he shall notify the wife at least thirty days prior to the time that said policies, or of any of them, shall be cancelled or otherwise terminated. It is further stipulated and agreed by and between the parties hereto that in the event a Final Decree of Divorce is entered in this cause that the terms of this stipulation shall be ratified and confirmed in said Decree. In addition, we find that petitioner's daughter, Cathy, became 21 years of age on October 12, 1965, and that on or about October 30, 1965, her father, Dr. Frederic B. Thomson, wrote a note to petitioner reading as follows: Now that Cathy has passed her twenty first birthday I am reducing the amount of monthly payments but if it will be of help to Cathy with her college expenses I will continue to send the fifty dollars until the first of June. Respondent contends that any payments for support of petitioner's *223 minor children made to the petitioner subsequent and pursuant to the divorce decree, set out above, were not so specifically designated or fixed as such in the decree, pursuant to section 71(b) of the Internal Revenue Code of 1954, [1] as to prevent their being includable in petitioner's income as alimony income under section 71(a), [2] citing Commissioner v. Lester, 366 U.S. 299. *224 Petitioner contends that the facts in this case differ materially from those in the Lester case in that here the divorce decree specifically dealt with "property rights, custody and support of the * * * children" [Emphasis supplied.] and that here "there is no pretermission of all payments in the event of the wife's (Petitioner's) remarriage," and further contends that the amount of "the support of minor children" can be computed with mathematical certainty from the terms of the divorce decree and are therefore fixed by the decree within the meaning of the Lester case. If this case had been presented to this Court prior to 1961 (the year in which the Supreme Court handed down its opinion in the Lester case), petitioner would have undoubtedly prevailed. See Robert W. Budd, 7 T.C. 413, affd. 177 F. 2d 198. However, the Lester case made it apparent that our interpretation of the law on this subject was erroneous and that unless the amounts payable to the wife for the support of minor children are specifically designated as such by the divorce decree, they are includable in the taxable income of the wife as alimony. The fact that these amounts can be computed *225 from the terms of the decree does not satisfy the requirement for fixed specificity which, in the opinion of the Supreme Court, the statute calls for. See concurring opinion of Mr. Justice Douglas, Commissioner v. Lester, supra, at page 307. We have noted the factual differences between this case and the Lester case, but, in our opinion, they are not sufficiently material to remove this case from the ambit of the Lester case. In spite of the persuasive arguments of petitioner which coincide with our own (erroneous) views held many years ago, we decide the issue before us in favor of respondent. Pursuant to the stipulation of the parties, Decision will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. ↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩